# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

JIANMING YU, §
§
*Plaintiff*, §
§
v. §
§
§    Civil Action No. 4:25-cv-391
HIGHLAND NOODLES, INC. d/b/a §    Judge Mazzant
HIGHLAND NOODLES, JUXIANG §
LI, and WENYUAN ZHANG a/k/a §
CHELSEA ZHANG, §
§
*Defendants.* §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) (Dkt. #15). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a Fair Labor Standards Act ("FSLA") case. Plaintiff Jianming Yu alleges that Defendants Highland Noodles, Inc. d/b/a Highland Noodles, Juxiang Li, and Wenyuan Zhang a/k/a Chelsea Zhang engaged in retaliatory conduct after Plaintiff filed a related lawsuit alleging FLSA violations in this Court (Dkt #1).[1] Allegedly, after Plaintiff filed suit, Defendants changed their W-2 reporting practices to subject Plaintiff "to excess tax liability" for retaliatory purposes (Dkt. #1 at p. 11). Plaintiff therefore alleges a violation of 29 U.S.C. § 215(a)(3), which prohibits retaliation against employees based on the filing of a complaint (Dkt. #1 at p. 11).

---

[1]  The related lawsuit is *Yu et al. v. Highland Noodles, Inc. et al.*, Case No. 4:24-cv-706.

On September 8, 2025, Defendants filed the instant Motion (Dkt. #15). The Motion is opposed (Dkt. #17). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief under Rule 12(b)(6). Dismissal is unwarranted. Defendant's Motion should therefore be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) (Dkt. #15) is hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 12th day of May, 2026.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE